597 A.2d 636

**Georg M. KATZENBERGER, Appellant,**

v.

**Hannelore M. KATZENBERGER, Appellee.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed Sept. 9, 1991.

Reargument Denied Nov. 4, 1991.

Margaret Joy, Pittsburgh, for appellant.

Hannelore Katzenberger, pro se.

Before ROWLEY, President Judge, and WIEAND and
HOFFMAN, JJ.

WIEAND, Judge:

In this divorce appeal, we are again asked to determine what portion of a defined benefit pension plan is to be deemed marital property for purposes of effecting equitable distribution by the deferred distribution method.

Georg and Hannelore Katzenberger were married on December 23, 1963, separated on July 23, 1981 and divorced on December 20, 1984. The court retained jurisdiction over the parties' economic claims, however, and, on November 8, 1985, entered a decree nisi which, inter alia, awarded to wife one-half of husband's pension benefits. Neither party filed exceptions to the decree, and counsel for the parties thereafter submitted proposed Qualified Domestic Relations Orders consistent with the court's decree.

Georg Katzenberger began his employment as a pilot with Mohawk Airlines in 1968. Mohawk subsequently merged with U.S. Air, and Georg has continued his employment with U.S. Air until the present time.[1] The U.S. Air pension is a defined benefit plan and is qualified under the Employment Equity Act of 1984. The amount of a participating employee's pension is determined by multiplying the employee's final average earnings by his or her years of credited service to arrive at an amount which is then multiplied by an appropriate retirement plan factor which is derived by referring to a prepared company schedule. Final average earnings equal the participating employee's highest average earnings for any thirty-six (36) consecutive months out of his or her last one hundred twenty (120) months of employment.

Husband-appellant proposed that, although distribution of his pension was to be deferred, the value of his pension benefit should be determined by his final average earnings as of the date of separation, i.e., July 23, 1981. The court, however, entered an order which did not determine the value of pension benefits as of the date of separation but provided that the deferred date for payment was to be

---

1. Hannelore Katzenberger is employed by Mobay Chemical Company as a bilingual secretary.

elected by the wife at any time after July 1, 1989. Wife's one-half interest therein was to be multiplied by a fraction whose numerator was thirteen (13), the total time during which husband participated in the plan during marriage, and whose denominator was a number representing the number of years and months from husband's first year of service to the date of the commencement of payments to wife. Husband filed exceptions, which were denied, and then appealed. He contends that the use of the deferred distribution method for valuing his pension as of the date on which appellee-wife elects to commence payment will inequitably distribute pension benefits which have accrued after the date of separation and which are not marital property.

We adhere to the rule that the denominator of the coverture fraction is equal to the total period of time the employee-spouse participated in the pension benefit program. See: *Lyons v. Lyons*, 401 Pa.Super. 271, 280, 585 A.2d 42, 47 (1991); *Braderman v. Braderman*, 339 Pa.Super. 185, 198, 488 A.2d 613, 619 (1985); *King v. King*, 332 Pa.Super. 526, 533, 481 A.2d 913, 916 (1984). We recognize that our courts have varied the definition of the denominator as either "the total period the employee participated in the benefits program," *Braderman v. Braderman, supra;* *King v. King, supra,* or "the total period of time the employee-spouse was accruing benefits." *Lowry v. Lowry,* 375 Pa.Super. 382, 404, 544 A.2d 972, 983 (1988). In many instances, there will be no difference between these two figures. Where there is a difference, however, the denominator adopted in *Lyons v. Lyons, supra,* will produce the more accurate result.

Herein, wife is permitted to begin receiving payments from the pension at any time after July 1, 1989. However, Georg will not have reached age 60, the required retirement age for pilots, until July 1, 1991. There is no indication in the record that Georg intended to retire prior to his sixtieth birthday. The court has set the denominator without regard for the fact that Georg will have to participate in the

benefit program another two years to receive his pension benefits.

In *Berrington v. Berrington,* 409 Pa.Super. 355, 598 A.2d 31 (1991; filed of even date herewith), we determined that only that pension which is available on the date of separation is marital property and that enhanced benefits purchased by employer or employee contributions following separation are not marital property. Our decision was based upon the express language of Section 401(e) of the Divorce Code of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 401(e).[2] The decision held that pension benefits available for distribution according to the deferred distribution method must be the same as those available for distribution according to the immediate offset method. Thus, although the non-employee spouse's economic circumstances may be considered by a court in making distribution under Section 401(d) of the Divorce Code, *supra,*[3] they may not be considered in determining that which constitutes marital property.

For the same reasons, we hold that the order entered in the instant case was erroneous. The pension benefits available for distribution are those which would have been payable if the husband-appellant had retired on the date of separation.

Reversed and remanded for the entry of an order in accordance with the foregoing opinion. Jurisdiction is not retained.

---

**2.** This section of the Divorce Code has now been codified at 23 Pa.C.S. § 3501(a).

**3.** This section is now codified at 23 Pa.C.S. § 3502(a).