603 A.2d 641

**Howard I. ENDY, Appellant,**

**v.**

**Emilie A. ENDY, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1991.

Filed Feb. 25, 1992.

400

Paul R. Wagner, Harrisburg, for appellant.

Joanne H. Clough, Hershey, for appellee.

Before OLSZEWSKI, HUDOCK and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from a decree entered in the Court of Common Pleas of Dauphin County, directing the equitable distribution of property between appellant and appellee following their divorce. Appellant alleges that the divorce court abused its discretion in six specific ways:

1) the deferred distribution method of allocating appellant's pension between the parties was erroneous;

2) the divorce court erred in not considering the tax consequences of distributing the pension;

3) the court erred in its evaluation of the pension because it did not consider the amount of Social Security included in the pension;

4) the court erred by awarding alimony without considering appellant's tax consequences on the pension distribution;

5) the award of counsel fees to appellee was erroneous;

6) it was error for the divorce court to conclude that 48.77 acres of property in Tioga County was marital

property, because the date of separation preceded the date of purchase.

Contrary to most of appellant's assertions, we find error only on the pension distribution (first) and the Social Security (third) issues, and remand this case for proceedings consistent with our disposition of appellant's first and third objections.

An apprehension of the facts of this case is helpful in understanding our disposition. The parties were married in 1965. Appellant Howard Endy is now 53 years of age, and appellee Emilie Endy is 49. The parties have two daughters, ages 23 and 20, both of whom still reside with appellee. Appellant has been employed by the Pennsylvania State Police since 1962 and now earns approximately $39,700 per year. Appellee worked as a receptionist prior to marriage and left the work force for approximately twelve years during the marriage to care for the parties' children. For the past ten years, appellee has been employed as a receptionist earning approximately $17,000 per year. Both parties are in good health.

The parties separated in 1984, with appellant leaving the marital home. Appellant filed for divorce in 1987, under the Irretrievable Breakdown provision [§ 3301(d) ] of the Divorce Code, 23 Pa.C.S.A. § 3101 *et seq.* The divorce was uncontested by appellee. At the time of the divorce, appellant and appellee owned a marital residence in Palmyra, Dauphin County, Pennsylvania. During the term of the marriage, appellant acquired a Pennsylvania State Police pension and appellee acquired her own pension. The parties also acquired personal property in the residence, individual personal property, and three parcels of real estate in Tioga County, Pennsylvania.

A master's hearing was held on the equitable distribution of the parties' property on March 2, 1990. The master's report was filed on June 8, 1990. Exceptions were filed by appellant. On June 18, 1990, the court of common pleas entered a final divorce decree, adopting the master's report in its entirety. This appeal followed. Before turn-

ing to the issues presented, we note that in reviewing challenges to equitable distribution orders, the divorce court's decision will stand unless the court abused its discretion in formulating the order. *Hovis v. Hovis*, 518 Pa. 137, 541 A.2d 1378 (1988). Except for the court's decision on appellant's Social Security benefits, we find no such abuse of discretion in this case.

As to appellant's first allegation of error, we find that the distribution method utilized by the divorce court in allocating appellant's pension was incorrect. Initially, we note that the amount of pension funds accrued during marriage is marital property and subject to equitable distribution. *Ciliberti v. Ciliberti*, 374 Pa.Super. 228, 542 A.2d 580 (1988); *Verdile v. Verdile*, 370 Pa.Super. 475, 536 A.2d 1364 (1988); *Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985). Two distinct methods for equitable distribution of pensions have been established in Pennsylvania. The first is the "immediate offset" method, which divides the benefits at the time of equitable distribution by assigning a present value to the marital portion of the pension, and awarding that share to a party. *Id.*, 339 Pa.Superior Ct. at 197, 488 A.2d at 619. The second method, entitled "deferred distribution," does not incorporate present value figures. Rather, the court retains jurisdiction and distributes the benefits when they enter pay status or when they mature. *Id.*

When, as here, the value of the marital share of pension benefits is larger than the value of the remaining marital assets to be equitably divided, the immediate offset method is not the best alternative. Though it is the preferred alternative because it avoids continuing contact between the parties, this method is impractical where the parties do not possess sufficient assets to offset the pension award. In these cases, the deferred distribution method is employed, and the non-employee spouse receives a portion of the benefits as they are paid to the employee spouse. *King v. King*, 332 Pa.Super. 526, 481 A.2d 913 (1984); *Braderman*, 339 Pa.Super. 185, 198–99, 488 A.2d 613, 620. In the present case, the immediate offset calculation was

applied to the marital portion of appellant's pension. The divorce court found that this present value determination was necessary to calculate whether there were sufficient additional assets to utilize the immediate offset method. It found that there were not. Therefore, the deferred distribution method was used for awarding appellee her marital share of appellant's pension.

■ Appellant argues that this scheme was an abuse of discretion because the court did not apply a coverture fraction,[1] instead using a straight figure of one-third of the gross monthly pension payment after vesting. The thrust of appellant's argument is that appellee's court-ordered share of the pension encompasses amounts of post-separation income which are not marital property. We agree.

■ As this Court held in two recent decisions concerning the equitable distribution of pensions,

> only that pension which is available on the date of separation is marital property ... enhanced benefits purchased by the employer or employee contributions following separation are not marital property.

*Berrington v. Berrington,* 409 Pa.Super. 355, 598 A.2d 31 (1991); *Katzenberger v. Katzenberger,* 409 Pa.Super. 10, 14, 597 A.2d 636, 637 (1991). Therefore, when as in the present case the deferred distribution method is utilized, only those amounts accrued in the pension fund *prior to separation* may be distributed. As we noted in *Katzenberger,* "pension benefits available for distribution according to the deferred distribution method must be the same as those available for distribution according to the immediate offset

---

**1.** A coverture fraction is calculated by determining the ratio of the length of marriage to the number of years of employment. The numerator of the fraction is the marital period of the employee-spouse's participation in the pension plan; the fraction denominator is the total period of time during which the employee-spouse accrued benefits. *Lowry v. Lowry,* 375 Pa.Super. 382, 544 A.2d 972 (1988). In the present case, the denominator of the coverture fraction to be calculated on remand must take into account the fact that appellant is not yet retired.

method." *Katzenberger,* 409 Pa.Superior Ct. at 14, 597 A.2d at 637.

It is here that the divorce court was in error. We remand this case for a re-evaluation of the pension distribution, in accordance with the directives established in *Berrington* and *Katzenberger.*

■ Appellant's second contention, that the court below did not consider the tax consequences in making its equitable distribution award, is flatly contradicted by the record. Section 3502 of the Divorce Code explicitly identifies tax consequences as a factor in equitable distribution; therefore, it is necessary to take into account the effect of the tax laws. *Diamond v. Diamond,* 360 Pa.Super. 101, 114, 519 A.2d 1012, 1018 (1987). The record reveals that the master in this case considered the tax law in his recommendation for equitable distribution:

Using the latest presented figures, the pre-marital and post 1984 separation periods of three years and five years have been factored out as well as consideration given to the fact that the pension will be taxable to husband, as well as the fact that some additional post-marital contributions are also contemplated.

Master's report at 12, R.R. at 399a. Furthermore, in paragraph II.C. 2, the master directs that as to the pension, "all taxes shall be borne by husband." The lower court agreed with the master. We note that during the master's hearing, evidence was introduced showing that for years during the parties' marriage, appellant filed false joint tax returns which claimed a non-existent child as an exemption—without appellee's knowledge. (R.R. at 197a–198a.) Appellant invoked his fifth amendment rights during the hearing and refused to answer questions concerning the returns. (R.R. at 104a.) We find no abuse of discretion in the trial court's adoption of the master's recommendation and its decision on the tax consequences; appellant will obtain no relief on this ground.

■ The third allegation presented for our consideration is that the court of common pleas erred in its valuation of the pension because it did not separate appellant's Social Security benefits from the equitably-distributed property.

We agree that this was error. Appellant testified that through his employment as a State Police Officer, he will receive no Social Security benefits. (R.R. at 43a.) By federal statute, Social Security benefits are exempt from being part of the marital estate. 5 U.S.C.A. § 8345(j)(1). Accordingly, we recently held that to the extent part of the pension might figuratively be considered in place of a Social Security benefit, that portion should be excluded from the marital estate. *Cornbleth v. Cornbleth*, 397 Pa.Super. 421, 424, 580 A.2d 369, 371 (1990). The rationale for our decision lies with the goal of the Divorce Code in implementing equitable distribution, which is to "treat differing individuals with differing circumstances so as to equate them ... as nearly as possible." *Id.* In *Cornbleth*, we held that the absence of Social Security from a pension would deal a double blow to the employee-spouse subject to equitable distribution: "[t]he pension will become part of the marital estate and, thus, divided, yet there will be no Social Security benefit waiting to cushion this financial pitfall." *Id.* We find that though it concerned the Civil Service Retirement System, *Cornbleth* controls this case because appellant herein also is without a Social Security benefit. Thus, we remand to the trial court to evaluate the amount subject to the equitable distribution scheme in light of our decision on this issue.

The fourth issue presented for our review is whether the award of alimony to appellee was proper. We find that it was. The Divorce Code directs that the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary. 23 Pa.C.S.A. § 3701(a). In this case, there is no abuse of discretion in awarding alimony to appellee. The Divorce Code at § 3701 enumerates seventeen factors as a guide for determining the propriety of alimony. Below we list several which support the alimony award in this case:

1) the parties were married twenty-six years;

2) appellant earns $40,000 per year where appellee earns $17,000 per year;

3) appellee's earning capacity is not likely to improve;
4) appellee has been unable to maintain the standard of living established during the marriage;
5) appellee was the major contributing homemaker and child rearer;
6) appellant was guilty of several long-term instances of marital misconduct;
7) the parties' assets are insufficient to support appellee until appellant's pension distribution.

From the above, it is clear that the divorce court did not abuse its discretion in awarding alimony to appellee. In a factually similar case, this Court has held that factors such as the above illustrate an entitlement to alimony. *Nuttall v. Nuttall*, 386 Pa.Super. 148, 562 A.2d 841 (1989) (holding that alimony was justified where wife was homemaker with lesser job skills than husband, wife had lesser earning capacity, and husband was guilty of marital misconduct); *Zullo v. Zullo*, 395 Pa.Super. 113, 576 A.2d 1070 (1990) (ultimate consideration of whether to grant alimony requires an assessment of the needs and abilities of recipient spouse, which might impede ability to attain future economic freedom). In light of the statutory and case law of this Commonwealth, we find that the award of alimony to appellee was proper.

 Appellant's fifth allegation challenges the award of counsel fees to appellee. Once again, we are guided by the Divorce Code, 23 Pa.C.S.A. § 3502(e), which permits the Court to award reasonable attorney's fees, costs and expenses in a divorce action. We have held that it is permissible to award counsel fees if they arise as the direct result of the divorce action. *Mantell v. Mantell*, 384 Pa.Super. 475, 559 A.2d 535 (1989). To determine whether to award counsel fees, the court should consider the parties' incomes, assets, expenses, and future earnings capacity. *Wayda v. Wayda*, 395 Pa.Super. 94, 576 A.2d 1060 (1990); *Verdile*, 370 Pa.Super. 475, 536 A.2d 1364. In the instant action, testimony was presented at the parties' hearing that appellant was responsible for prolonging litigation of this

case. Appellee testified that agreements and court orders between the parties were not timely signed by appellant, forcing the parties into court to obtain appellant's signature. (R.R. at 211a–213a.) The Divorce Code and our case law support the grant of counsel fees to appellee. We uphold the trial court's award, finding no abuse of discretion. Appellant's fifth challenge therefore fails.

■■■ Appellant's final allegation of error is that the lower court erred by finding that 48.77 acres of property in Tioga County was marital property. We emphatically disagree. Though the deed to the property in question was delivered to appellant on January 4, 1985, after the parties separated, appellant concedes on the record that this parcel of land was purchased with marital funds. (R.R. at 123a, 314a.) In addition, the loan documents were eventually completed in both parties' names, though the original documents contain appellee's false signature, forged by appellant. (R.R. at 92a, 96a.) The resulting loan encumbered the marital home. *Id.* The loan documents were sent to appellant at the marital residence. (R.R. at 98a.) The Divorce Code directs that any property acquired during marriage is presumed to be marital, unless this presumption is successfully rebutted. 23 Pa.C.S.A. § 3501(b). From a review of the facts pertinent to the purchase of this property, it is clear that appellant cannot rebut this presumption. We hold that the Tioga County land is clearly marital property, and appellant's allegation to the contrary cannot succeed.

Finding merit to appellant's contentions of divorce court error on the pension distribution issues, we remand for proceedings consistent with this opinion. We further note that upon recalculation of the pension distribution consistent with this opinion, the divorce court should reconsider the entire property distribution scheme to ensure that the percentage distribution it intended is equitable and fair. Jurisdiction relinquished.