615 A.2d 459

**Christine POWERS, Appellee,**

v.

**Ronald POWERS, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 1992.

Filed Nov. 4, 1992.

---

466

John A. Knorr, Pittsburgh, for appellant.

David J. Slesnick, Pittsburgh, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

DEL SOLE, Judge.

Following the entry of a final order effectuating the distribution of the parties' marital property in a bifurcated proceeding, Appellant (husband) filed this appeal. He questions Appellee (wife's) need for alimony pendente lite which she was awarded in the amount of $150.00 per month, the court's valuation of the parties' pensions and the court's ultimate distribution scheme. Finding no abuse of discretion or error of law, we affirm the trial court's order.

The first complaint by husband concerns the award of alimony pendente lite to wife. He contends that such an award was improper in this case where wife was not a "dependent" spouse and could not demonstrate the requisite "need." Husband supports this claim by evidence demonstrat-

ing that the parties had no children and wife was not a full time homemaker, but rather was engaged in gainful employment throughout the marriage. Absent the inability to recognize one's earning potential because of a delayed entry to the work force to care for one's family, a disability or a lack or an education, husband argues their can be no dependency.

Initially, we note that although husband wrongly did not raise this issue in his exceptions to the court's order of equitable distribution, he did include this claim in the exceptions he originally filed to the master's recommended award of alimony pendente lite and in his statement of matters complained of on appeal. Because the alimony pendente lite claim was not appealable at the time it was entered, *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985) and because he did provide the court with an opportunity to consider the issue by his filing of exceptions to the master's recommended order, we will consider the matter. However we wish to stress that the better practice would be for counsel to again include the claim in exceptions filed to the recommended equitable distribution award when it is believed that the trial court erred in failing to recognize that alimony pendente lite was improperly awarded and in failing to alter the equitable distribution accordingly.

It is true that a spouse seeking alimony pendente lite who has sufficient assets to meet the needs of the pending litigation and who is equally situated with the other spouse to maintain or defend the action, will not be awarded alimony pendente lite. *Pangallo v. Pangallo,* 329 Pa.Super. 25, 477 A.2d 885 (1984). *Krakovsky v. Krakovsky,* 400 Pa.Super. 260, 583 A.2d 485 (1990). The purpose of granting such interim relief is to prevent one party to the action from being financially disadvantaged. *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984). However, the fact that the party requesting such relief has worked and earned a sizable income throughout the marriage does not mean that that party will be equally situated with the other spouse to maintain or defend the pending action. Along with the petitioner's separate estate and income, the trial court must also consider the respondent's ability to pay, the general character, situation and surround-

ings of the parties. *Barner v. Barner*, 364 Pa.Super. 1, 527 A.2d 122 (1987). Where as here, husband's wages greatly exceeded wife's for the last two years and where husband, an attorney, had not incurred counsel fees during the two year period of litigation, we cannot say that the trial court abused its discretion in awarding wife $150.00 per month in alimony pendente lite. *Orr v. Orr*, 315 Pa.Super. 168, 461 A.2d 850 (1983).

Husband next asks us to address the trial court's valuation of the parties' pensions. With respect to this issue husband recounts that the court was presented with stipulations as to the parties' dates of birth, dates of employments, marriage date, separation date, and the parties' estimated monthly pension benefit. Husband asserts that although the court had before it the appropriate information it "went awry, failing to properly follow the directives established in *DeMasi*," *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987). Specifically Appellant asserts that wife's pension was undervalued when the trial court used an improper denominator in the coverture fraction which was utilized in formulating the pension figure. Husband argues that the denominator should represent the time period from the date of participation in the plan up to the date of separation, rather than the time period from the date of hire until the anticipated date of retirement at age 65. Although Appellant presents this court with calculations which he suggests were appropriate to determine the pension value and makes a specific argument that the court's error was founded on the incorrect figure for the denominator, this is not the argument that was presented before the trial court.

The specific objection Appellant made to the trial court regarding the court's calculation of the pension benefits was that the appropriate date of valuation should have been the date of the hearing, rather than the date of separation because any increase in value would be marital property. Interestingly, the only discussion concerning coverture fractions in husband's Brief or Reply Brief presented to the trial court concern the denominator to be used in calculating *husband's* pension and therein he stated that the "denominator to be

utilized to obtain the coverture fraction should be the length of time from commencement of participation in the retirement plan until the earliest time when the defendant can begin to receive the pension benefits, namely age 65."

The trial court in its opinion states that "husband *agrees* with the court's method of calculating Wife's pension benefit using the information provided as of the date of separation. However Husband feels the court should have calculated a value of the pension as of the date of trial." (Emphasis added.) The court ruled that because husband did not introduce a report closer to the date of trial for estimating the monthly benefit payable to wife, it would use the only figures of record in making its calculations. The court also dismissed husband's calculations of his pension noting that in his case the denominator would be the same as the numerator since husband was terminated from his employment at the same time as the separation began.

■ On appeal husband now forsakes the argument he made before the trial court regarding the valuation date for wife's pension and, in fact, states in his Brief on appeal that "defined benefit pension plans must be valued as of the date of separation." Further the specific argument he now makes with respect to the valuation of wife's pension was not made before the trial court, but rather at that time he agreed with the trial court's method of calculating wife's pension. Because the matters now raised by husband were not first presented to the trial court, and in fact, husband has taken an alternative position before this court, we decline to exercise our review of the trial court's valuation procedure. *See Eannarino v. Eannarino*, 294 Pa.Super. 81, 439 A.2d 760 (1982). Because of this ruling we also dismiss husband's related claim that the total value of the marital estate must be revalued because of what he terms the "miscalculation" of the pension values.

Finally husband alleges that the ultimate distribution must be reconsidered because the trial court failed to give full consideration to all the relevant factors, to properly analyze them and to provide a full explanation for the court's decision.

■ Although the trial court did not set forth its rationale in an exhaustive opinion, the court did provide the parties and this court with the reasons for its decision. The trial court after considering detailed testimony from the parties, stated, in making its decision, that it considered the "relevant 3502 factors of the Domestic Relations Code in distributing the marital assets." The court ultimately focused on husband's higher earnings, wife's limited ability to enhance her income, and husband's ability to acquire future assets in shaping its award which granted wife slightly more than 50% of the marital assets. Because we find no reason to suggest that the court ignored any relevant factors, and because the court has provided just reason for its disposition of the marital property, we can find no abuse of the trial court's discretion and we affirm its award. *Williamson v. Williamson,* 402 Pa.Super. 276, 586 A.2d 967 (1991).

Order affirmed.