673 A.2d 367

**Kevin M. CARNEY, Appellant,**

v.

**Donna J. CARNEY, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1995.

Filed March 20, 1996.

180

Joseph M. Lamonanca, Chadds Ford, for appellant.

R. Kurtz Holloway, Pottstown, for appellee.

Before McEWEN, CIRILLO and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

On September 30, 1991, appellant, Kevin M. Carney, filed a complaint seeking a divorce from his wife, Donna J. Carney, appellee herein. A final order, both decreeing a divorce and equitably distributing the marital property, was entered in the Court of Common Pleas of Delaware County on December, 30, 1994. Appellant appeals from this order raising three issues for our review.

The parties to this case were married on June 2, 1978, and resided together until their separation on January 31, 1991. Both prior to and during the course of the marriage, appellant was employed full-time by the United States Army. While in military service, appellant sustained several injuries qualifying him for a 20 percent military disability benefit. On June 1,

1990, appellant was honorably discharged and received an advance of approximately $28,000 on account of this disability.[1]

Appellant initially deposited these funds into a checking account titled jointly with his spouse. Subsequently, $8,000 was disbursed in satisfaction of marital debts and the remaining $20,000 was used to purchase a joint investment annuity from the Metropolitan Life Insurance Company. The trial court valued this annuity at $18,363 and classified it as marital property subject to equitable distribution. First, appellant alleges that the trial court erred in making such a distribution and seeks partition of the annuity in his favor.

Presently, it remains uncontested that veteran's disability benefits are generally not marital property subject to equitable distribution.[2] Relying upon *Madden v. Madden,* 336 Pa.Super. 552, 486 A.2d 401 (1985), however, the trial court decided that, due to the absence of clear and convincing evidence to the contrary, the placing of the funds initially in a joint bank account and then in a joint annuity created an estate by the entireties in such funds resulting in a complete gift to the marriage. Appellant claims, on several grounds, that the mere depositing of the funds in joint investments did not change their character from exclusively his to marital. After careful review, we disagree with appellant.

Whether an asset is marital property or separate property for purposes of distribution of the marital estate, is a matter reserved to the sound discretion of the trial court. *Gordon v. Gordon,* 436 Pa.Super. 126, 140–144, 647 A.2d 530, 537–538 (1994). An abuse of such discretion will be found to exist, however, if the trial court fails to follow proper legal procedures or misapplies the law. *Id.*

The trial court applied the following common-law principle in resolving the case at hand:

1. Appellant will continue to be credited each month from June, 1990, for approximately $160 per month until the advance is repaid at which time he will begin receiving further benefits.

2. *See* 23 Pa.C.S.A. § 3501(a)(6); *Miller v. Miller,* 421 Pa.Super. 23, 617 A.2d 375 (1992).

> Where ... an account is placed in the names of a husband and wife, **a gift and the creation of an estate by the entireties is presumed even though the funds used to ... establish the account were exclusively those of the husband.**
>
>     \*    \*    \*    \*    \*    \*
>
> In order to overcome the presumption that an estate by the entireties exists and that a complete gift ensued therefrom, there must be clear and convincing evidence to the contrary.

*Madden*, 336 Pa.Super. at 558, 486 A.2d at 404 (citations omitted) (emphasis added). Appellant contends that this is not the proper legal principle to be applied in disposing of this case. Instead, citing *Lessner v. Rubinson*, 527 Pa. 393, 592 A.2d 678 (1991), appellant argues that the Multiple–Party Accounts Act, 20 Pa.C.S.A. § 6301, *et seq.*, governs. In particular, appellant raises the applicability of 20 Pa.C.S.A. § 6303 which states, in pertinent part:

**Ownership during lifetime**

**(a) Joint account.**—A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sum on deposit, unless there is clear and convincing evidence of a different intent.

Appellant claims that the presumption created by this statutory provision requires appellee, as claimant, to produce clear and convincing evidence that he did not intend to retain his beneficial interest in the funds, but rather, intended to make a gift. Appellant claims that, absent such a rebuttal, the statute requires allocation of funds in a divorce on the basis of who contributed them to the account. Accordingly, appellant contends that the trial court created an improper presumption in favor of appellee and misallocated the burden upon him to rebut such presumption.[3] We disagree.

---

**3.** Appellant further claims that appellee has failed to meet this standard. Since we find the Multiple–Party Accounts Act to be inapplicable to the case before us, *see infra*, we do not proceed to address this particular allegation.

██ The section defining the scope of applicability of the Multiple–Party Accounts Act provides:

### § 6302. Applicability of chapter

The provisions of this chapter are applicable to the determination of property rights among parties to multiple-party accounts and all claims made through them. . . .

20 Pa.C.S.A. § 6302. We find that this general provision is preempted by the more relevant provisions relating to the husband and wife relationship contained in the Divorce Code. In so deciding, we are guided by the following principle of statutory construction:

### § 1933. Particular controls general

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such provision shall prevail.

1 Pa.C.S.A. § 1933. *See Commonwealth v. Klingensmith,* 437 Pa.Super. 453, 650 A.2d 444 (1994); *Comm. ex rel. Platt v. Platt,* 266 Pa.Super. 276, 404 A.2d 410 (1979); *Young v. Workmen's Compensation Appeal Bd.,* 39 Pa.Cmwlth. 265, 395 A.2d 317 (1978); *Duda v. Com., Bd. of Pharmacy,* 38 Pa. Cmwlth. 378, 393 A.2d 57 (1978) (as a special provision, the provision of 35 P.S. § 780–123 which provides that only offenses that are felonies under the Drug Act, 35 P.S. § 780–101 *et seq.,* may be punished by the suspension or revocation of a practitioner's license, must be construed as an exception to the general provision of 63 P.S. § 390–5, giving the pharmacy board power to impose sanctions for any offense in connection with the practice of pharmacy); *Bowers v. State Emp. Retirement Bd.,* 29 Pa.Cmwlth. 561, 371 A.2d 1040 (1977) (because Fiduciaries Act, 20 Pa.C.S.A. § 3101 *et seq.,* was general legislation in comparison with the specific provisions of the

State Employees' Retirement Code, 71 Pa.C.S.A. § 5101 *et seq.*, Code provisions controlled for purposes of determining whether widow of state employee, who was the legal representative of her deceased husband's estate under the Fiduciaries Act, could be a "contributor" under the Retirement Code).

The Divorce Code clearly states that "it is the policy of the Commonwealth to . . . [e]ffectuate economic justice between parties who are divorced or separated . . . and insure a fair and just determination and settlement of their property rights." 23 Pa.C.S.A. § 3102. Pursuant to this statutory directive, the courts of this Commonwealth have exercised their broad equity power in matrimonial causes and established the legal principle that the placing of funds by one spouse in an account titled jointly in the names of both spouses creates a presumption of ownership as tenants by the entirety.[4] This well-settled law comports with the intent of the Divorce Code that the dissolution of a marriage "should be accomplished in a manner that recognizes the prior existence of the family as both an economic and social unit." *Gordon v. Gordon*, 293 Pa.Super. 491, 510, 439 A.2d 683, 693 (1981).

Based upon the foregoing, we hold that the provisions of the Multiple–Party Accounts Act are not applicable to the equitable distribution of funds held in joint accounts between husband and wife. *Sutliff v. Sutliff*, 361 Pa.Super. 504, 522 A.2d 1144 (1987), *rev'd on other grounds*, 518 Pa. 378, 543 A.2d 534 (1988) (rejecting the argument that the status of funds such as those presently in question should be based upon contribution). Accordingly, the trial court did not err in including the annuity in the marital estate for purposes of equitable distribution. Since *Lessner, supra,* concerned funds deposited in

4. *See, e.g., Lowry v. Lowry,* 375 Pa.Super. 382, 544 A.2d 972 (1988); *Constitution Bank v. Olson,* 423 Pa.Super. 134, 140, 620 A.2d 1146, 1149 (1993) ("There is a sharp difference between joint estates and those held by husband and wife. An intention to create the entirety is assumed from the deposit of an asset in both the names of husband and wife, without more, and from the fact of marital relationship."); *Madden,* 336 Pa.Super. at 557, 486 A.2d at 404 ("The gift is presumed by reason of the joint tenancy with [sic] is peculiar to the husband and wife relationship. . . .") (quoting *In re Holmes Estate,* 414 Pa. 403, 406, 200 A.2d 745, 747 (1964)).

an account titled jointly in the names of a brother and sister, appellant's reliance thereon is clearly misplaced.

Appellant next claims that, even if the trial court applied the correct legal standards in deciding this case, he has presented clear and convincing evidence to rebut the presumption that the annuity is marital property. Appellant claims that, at no time did he intend to gift the funds to the marriage and, further, that he relied on appellee's reassurances that the funds would remain his alone.

In assessing this claim, the extent of our inquiry is restricted. "[I]n reviewing challenges to an order of equitable distribution, the trial court's decision will stand unless the court abused its discretion in formulating the order." *Paulone v. Paulone*, 437 Pa.Super. 130, 132, 649 A.2d 691, 692 (1994).

Presently, we believe that the trial court did not abuse its discretion in finding an absence of clear and convincing evidence sufficient to overcome the presumption that an entireties estate was created when appellant placed the disability funds in a joint account. The trial court noted that:

> The Transcript is devoid of clear and convincing evidence that the annuity was to remain the sole property of [appellant]. In fact, the use of funds for marital necessaries, the withdrawals from the annuity for the wife and kids, and the fact that [appellant] could not close out the account without [appellee's] authorization, support the determination ... that the annuity was marital property.

Trial court opinion, 6/22/95 at 4. Our review of the record discloses ample support for the trial court's findings. For example, appellee testified that it was mutually agreed that the funds would be invested for both her and appellant's retirement. N.T. 11/29/94 at 98. Since, "[u]nder the abuse of discretion standard, the appellate court does not usurp the trial court's duty as factfinder", we find no reason to disturb the trial court's decision to treat the annuity as marital property. *Paulone*, 437 Pa.Super. at 132, 649 A.2d at 692;

*accord Sergi v. Sergi,* 351 Pa.Super. 588, 596–98, 506 A.2d 928, 933 (1986).

Finally, appellant argues that the trial court entered an order against the weight of the record evidence since, in both the December 30, 1994 order and the opinion dated June 22, 1995, the court allegedly fails to set forth an analysis of the factors contained in 23 Pa.C.S.A. § 3502. Appellant argues that the trial court opinion is, therefore, insufficient for us to conduct a review. Specifically, appellant contends that there is no discussion of how the court allocated assets, such as a computer, and liabilities and also no justification for the awarding of attorney's fees.

Contrary .to appellant's assertion, the trial court opinion clearly sets forth its basis for allocating the assets and liabilities and awarding attorney's fees. The trial court notes reliance on the factors contained in section 3502(a) and, in particular, the disparity in the parties' salaries as well as their differing occupations.[5] On this basis, the trial court distributed certain assets, including the computer, in kind; awarded 55 percent of the net marital assets to appellee and 45 percent to appellant; and awarded appellee $1,500 as reasonable attorney's fees.

In *Powers v. Powers,* 419 Pa.Super. 464, 470, 615 A.2d 459, 462 (1992), we stated that:

> Although the trial court did not set forth its rationale in an exhaustive opinion, the court did provide the parties and this court with the reasons for its decision. The trial court after considering detailed testimony from the parties, stated, in making its decision, that it considered the "relevant 3502 factors of the Domestic Relations Code in distributing the marital assets." The court ultimately focused on husband's higher earnings [as well as other similar considerations] in shaping its award which granted wife slightly more than 50% of the marital assets. [W]e find no reason[,

5. The trial court found that appellant is employed as a chemical operator for Sun Refining and Marketing and has a weekly salary of approximately $1,000 whereas appellee is paid $340 per week as a customer service representative at Choice Seating.

and appellant offers none,] to suggest that the court ignored any relevant factors, and ... the court has provided just reason for its disposition of the marital property....

We note, also, that 23 Pa.C.S.A. § 3502(e) permits the awarding of attorney's fees, costs, and expenses in a divorce action. Further, consideration of the parties' relative incomes is appropriate in determining whether to award such fees. *See Endy v. Endy,* 412 Pa.Super. 398, 407–08, 603 A.2d 641, 646 (1992). Based upon the foregoing, we can find no merit to appellant's claim that the trial court failed to adequately set forth its analysis of the factors contained in 23 Pa.C.S.A. § 3502.

Order affirmed.