J-A02020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LINDA MARIE PERRY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE J. PERRY | |
| Appellant | No. 363 EDA 2013 |

Appeal from the Order Entered December 28, 2012
In the Court of Common Pleas of Lehigh County
Domestic Relations at No(s): 2009-FC-1619

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and STRASSBURGER, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.

**FILED JULY 29, 2014**

I agree with my learned colleagues that the majority of Husband's claims do not entitle him to relief, and that this case should be remanded for clarification of the trial court's award of counsel fees. However, because I conclude that the trial court abused its discretion by refusing to award Husband payments from Wife's pension that Husband was supposed to receive but did not, I respectfully dissent.

It is well-settled that "the amount of pension funds accrued during marriage is marital property and subject to equitable distribution." ***Endy v. Endy***, 603 A.2d 641, 643 (Pa. Super. 1992). Here, the parties and the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court agree that Husband is entitled to 50% of the marital portion of Wife's pension. When the pension initially entered pay status, Wife received 100% of the marital portion of her pension, and Husband received nothing. Husband requested that he be awarded these missed payments in his September 14, 2012 "Petition for Special Relief," which he subtitled a "Motion to Reimburse Retirement Benefits and Escrow Future Payments." The trial court denied this petition. In its opinion pursuant to Pa.R.A.P. 1925, the trial court justifies this decision by stating that Husband delayed the preparation of a QDRO and the entry of the divorce decree, and that he thereby "benefitted financially at the expense to Wife." Trial Court Opinion, 12/28/2012, at 15.

The record does not support the trial court's conclusion. Husband's initial refusal to sign the QDRO while exceptions were pending cannot be deemed a meritless delaying tactic where, as here, the trial court granted those exceptions in part. Admittedly, Husband did not sign the QDRO immediately after his exceptions were resolved. However, APL was terminated on July 5, 2012, well before Husband's exceptions were argued. It does not appear that Husband was receiving any sort of financial benefit from Wife after that date, and he would have had no incentive to delay the proceedings unnecessarily.

Thus, I conclude that Husband was entitled to the relevant portion of Wife's pension.