605 A.2d 1268

**Lorraine A. ELHAJJ**

v.

**William J. ELHAJJ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1991.

Filed March 23, 1992.

William C. Cramer, Jr., Chambersburg, for appellant.

Wayne F. Shade, Carlisle, for appellee.

Before CIRILLO, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

In this equitable distribution action, we are asked to determine if the trial court's distribution of husband's federal civil service retirement pension, using the immediate offset method, while retaining jurisdiction to allow the pension to be revalued in the event husband retired before age 65, is error.

Husband, William J. Elhajj, argues on appeal, that if his pension cannot be fairly valued now, the trial court should have used the deferred distribution method to value his pension at retirement. Husband maintains that the trial court should have distributed his pension, either now, or later, but not both. We vacate and remand.

The parties in this action lived together from March 19, 1969, until their separation on February 19, 1986, seventeen years. Wife, Lorraine A. Elhajj, spent the first ten years of marriage as a homemaker and in child rearing. Both Husband and Wife are federal civil service employees, Husband earning $48,000 yearly in contrast to Wife's wages of $22,000. The trial court awarded 65% of the marital assets to Wife, determining Husband's pension to have a present value of $34,167, if Husband retired at age 65, and ordered immediate distribution of Wife's 65% pension share. Husband was born September 15, 1940, and is now age 50.

Our scope of review in equitable distribution matters is limited; we will not reverse the trial court absent an error of law or an abuse of discretion. *Berrington v. Berrington*, 409 Pa.Super. 355, 361, 598 A.2d 31, 34 (1991).

▮▮▮▮ Husband, however, correctly contends that there are two basic approaches to the equitable division and distribution of pension benefits in this Commonwealth: the immediate offset method, and the deferred distribution method. In *Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985), we adopted these two methods of equitable distribution. Under the immediate offset method, the pensions are valued and distributed immediately along with the rest of the marital estate. Under the deferred

distribution method, each party receives his or her share of the pension as it is paid upon retirement. *Lowry v. Lowry,* 375 Pa.Super. 382, 544 A.2d 972 (1988).

In *Demasi v. Demasi,* 366 Pa.Super. 19, 530 A.2d 871 (1987), *allocatur denied,* 517 Pa. 631, 539 A.2d 811 (1988), we set forth the appropriate circumstances for the use of these methods, stating that:

The immediate offset method is properly used when the present value of the benefit is sufficient to make a present distribution. Conversely, a deferred distribution method does not employ present value because too many variables make it too difficult to determine. Instead the court retains jurisdiction and allocates benefits when they mature or are paid. Deferred distribution is also the preferred method when the parties' other assets are insufficient to offset a pension award.

*Id.* 366 Pa.Super. at 50, 530 A.2d at 886.

In the immediate offset method, the non-pension-holding spouse receives an immediate distribution of marital assets, providing that spouse with the equivalent of an equitable share of the other spouse's pension, notwithstanding that the pension will not be received until some future time. To arrive at this equivalent of an equitable share, various calculations are made, assuming that the pension-holding spouse is at retirement age: life expectancy, appropriate interest rates, contingencies such as death and disability; these variables are factored in to reach a present value. Troyen, *Pension Value and Equitable Distribution,* 10 Fam.L.Rep. (BNA) 3001 (1983). Present value is the estimate of present worth of these future benefits. *Zollars v. Zollars,* 397 Pa.Super. 204, 209–210, 579 A.2d 1328, 1330 (1990), *allocatur denied,* 527 Pa. 603, 589 A.2d 693 (1991). Present value is thus multiplied by the coverture fraction or the pension portion earned during marriage to determine the appropriate award for the non-pension-holding spouse. *Troyen, supra.* Under the deferred distribution method, it is not necessary to calculate present value since actual calculations are made on the benefit determina-

tion date, the coverture fraction being multiplied by the pension-holding spouse's actual benefit to determine actual value. *Braderman, supra.*

In the present case, each party introduced expert testimony analyzing the present value of the pensions of both Husband and Wife. Wife's federal civil service retirement pension was valued at $5,478 and is not at issue. The conclusions of the experts with regard to the value of Husband's pension, however, varied significantly, depending upon retirement age, the discount rate and other variables utilized. The trial court, itself, remarked that the valuations placed upon Husband's pension ranged from "a low of $24,205 to a high of $170,348.78." Opinion, dated July 11, 1991, at 3. The trial court commented that:

> The protracted proceedings in this case have served to underscore the less than scientific ability of experts to reach a fair valuation of a fully vested, but not matured, defined benefit pension.

Opinion, dated 7/11/91 at 5.

From this comment and the testimony of the pension experts, we fail to understand how the trial court, with equity, could have used the immediate offset method in distributing Husband's pension in the present case. The trial court has, in essence, utilized a present value to order a deferred payment. We have held such determinations to be an abuse of discretion in the past. *See King v. King,* 332 Pa.Super. 526, 481 A.2d 913 (1984); *Zollars, supra.* Here, we are likewise constrained to find that a formula for the distribution of marital assets utilizing the deferred distribution method where the marital asset offset is based on present value is inappropriate.

Next, Husband contends that our recent decision in *Cornbleth v. Cornbleth,* 397 Pa.Super. 421, 580 A.2d 369 (1990), *allocatur denied,* 526 Pa. 648, 585 A.2d 468 (1991), requires that the portion of his Civil Service Retirement System pension equaling the present value of participation in the social security system should be excluded from the

present value of his pension included in the marital estate. In *Cornbleth*, husband was a Civil Service Retirement System participant, while wife was not. Thus, as the trial court in the case now before us properly observed, "[t]he goal of the Court in *Cornbleth* was to equate the pensions of the husband and wife by excising the equivalent value of Social Security benefits from the husband's pension and rendering that portion of the pension non-marital property." Opinion, dated July 11, 1991, at 7. However, in the present case, unlike *Cornbleth*, both Husband and Wife are participants in the Civil Service Retirement System. Neither Husband nor Wife pays social security taxes; neither Husband nor Wife is entitled to social security benefits. Hence, we conclude that the trial court has not committed an abuse of discretion by declining to extend the reasoning in *Cornbleth* to the present case.

Our review of the remaining issues raised by appellant forces the conclusion that they lack merit. Accordingly, for the foregoing reasons, we vacate the order of the trial court docketed July 11, 1991, and remand to allow the trial court to determine whether the immediate offset method or the deferred distribution method of equitable distribution should be utilized in the present case.

Vacated and remanded. Jurisdiction relinquished.