**Lawrence E. McCLAIN, Appellant,**

v.

**Arlene F. McCLAIN.**

Superior Court of Pennsylvania.

Argued Oct. 9, 1996.

Filed April 16, 1997.

FORD ELLIOTT, Judge:

Lawrence E. McClain ("Husband") appeals from the May 23, 1995 order which denied his motion for post-trial relief and affirmed the equitable distribution order entered on March 24, 1994.

Husband and Arlene F. McClain ("Wife") were married on November 1, 1962, and they separated on February 1, 1982; they had four children. Husband filed a complaint in divorce on December 7, 1982. A hearing on the equitable distribution of marital assets was held on August 16, 1993. During the marriage, Wife worked for less than one year and was primarily a homemaker and mother. Husband is employed by the postal service with an annual salary of $85,000. Wife's ability to work has been limited because she suffers from cluster migraine headaches which are long-lasting and disabling. · Husband is in good health.

Husband's statement of questions involved is as follows:

I. Whether the trial court judge abused its discretion in failing to hold as a matter of law that the 'in lieu of' social security benefits portion of [Husband's] federal pension was exempted from the marital estate.

II. Whether the lower court abused its discretion in failing to adequately credit [Husband's] contribution to the marital debt.

III. Whether the trial court abused its discretion in failing to offset the amount of marital debt contribution of [Husband] against the portion of [Husband's] federal pension granted to [Wife].

Husband's brief at 3.[1]

██ Our standard of review of an award of equitable distribution is clear. In *Miller v. Miller*, 421 Pa.Super. 23, 27–30, 617 A.2d 375, 377–78 (1992), we stated:

Awards of property distribution are within the sound discretion of the trial court, and

Daniel L. Goodyear, Pittsburgh, for appellant.

Patrick T. Narcisi, Pittsburgh, for appellee.

Before POPOVICH, FORD ELLIOTT and HESTER, JJ.

1. We note that the argument section for all three of Husband's issues consists of two double-

will not be disturbed unless there has been a clear abuse of discretion. *Ruth v. Ruth*, 316 Pa.Super. 282, 462 A.2d 1351 (1983). An abuse of discretion is not found lightly, but upon a showing of clear and convincing evidence.... As a result, under the abuse of discretion standard, the appellate court does not usurp the trial court's duty as fact finder. An abuse of discretion will be found by this court only if the trial court failed to follow proper legal procedures or misapplied the law. *Braderman v. Braderman*, 339 Pa.Super. 185, [190]488 A.2d 613, 615 (1985).

█ Pursuant to 23 Pa.C.S.A. § 3502(a) when the trial court makes an equitable distribution of property, it must consider the length of the marriage; any prior marriages of the parties; age, health, skills, employability of the parties; sources of income and needs of the parties; contribution of one party to the increased earning power of the other party; opportunity of each party for future acquisitions of assets or income; sources of income for each party; contribution or dissipation of each party to the acquisition, depreciation, or appreciation of marital property; value of each party's separate property; standard of living established during the marriage; economic circumstances of each party; and whether the party will be serving as the custodian of any dependent minor children. 23 Pa.C.S.A. § 3502(a)(1–11).

Instantly, by order dated March 24, 1994, Wife was awarded fifty percent of the marital portion of Husband's civil service retirement system pension on a deferred distribution basis. Additionally, the order provided that the marital debts totalling $21,651 remained Husband's obligation. The marital home was the other marital asset of significant value. The home was sold on May 30, 1985, and Husband and Wife received an equal sum of $25,881.41 at the time of the sale of the residence.

Husband first argues that the trial court abused its discretion when it failed to deduct hypothetical social security contributions from the value of his pension. As a federal employee, Husband participates in a pension plan but does not contribute to the social security system. Accordingly, he will not be eligible for social security benefits upon his retirement. Husband, in support of his position that a portion of his pension representing social security contributions must be exempt from his federal pension, relies on this court's decision in *Cornbleth v. Cornbleth*, 397 Pa.Super. 421, 580 A.2d 369 (1990), *appeal denied*, 526 Pa. 648, 585 A.2d 468 (1991). In *Cornbleth*, appellant/husband was a clinical psychologist at the Veterans Administration Hospital in Pittsburgh earning $46,000 per year. Appellee/wife was a professor at the State University of New York at Buffalo and was earning $48,000 per year at the time of trial. Husband, a federal employee as is appellant/Lawrence E. McClain herein, contributed to a pension plan, but did not participate in the social security system. Wife participated in a pension plan and approved an equitable distribution scheme which allowed each party to maintain possession of the property in their possession. This created a substantial imbalance in husband's favor which the court offset by ordering a payment of $75,000 from husband to wife.

On appeal, husband pointed out that as a civil service employee participating in the Civil Service Retirement System, he does not participate in social security. Furthermore, any eligibility for social security would result in a commensurate decrease in his pension annuity under the Civil Service Retirement Act. Husband argued that since, under federal law, social security retirement benefits cannot be considered marital property, all or at least a portion of his Civil Service Retirement System pension should be similarly treated. This court agreed with husband and opined:

spaced pages. Our rules of appellate procedure require that for each argument raised, a separate section be devoted to that particular argument. Pa.R.A.P. 2119, 42 Pa.C.S.A. The sanction available to this court for Husband's failure to follow our procedural rules is quashal. Pa.R.A.P. 2101, 42 Pa.C.S.A. Because we can discern a separate argument in support of each issue raised, our review is not hampered and we will address the contentions raised on appeal.

However, although, as aptly demonstrated by the trial court, there is no federal preemption obstacle in the way of considering appellant's pension a marital asset, this is only one part of the required analysis. There still remains a need to determine whether the pension should be considered a marital asset under the governing theories of our domestic relations law. In this respect, we have no difficulty in concluding that to the extent appellant's pension is similar to that of a conventional pension the portion of appellant's pension fairly characterized as the equivalent of a conventional pension should be included in the marital estate. However, to the extent part of the pension might figuratively be considered 'in lieu of' a Social Security benefit we believe that portion should be exempted from the marital estate.

*Id.* at 425, 580 A.2d at 371 (footnote omitted). The *Cornbleth* court went on to hold that, under these circumstances, Wife's social security benefit was unfair. To equate the parties' pension holdings, the court allowed a portion of husband's pension to be viewed as "in lieu of" social security benefits. That portion was then exempted from the value of his pension.

■ Presently, Husband argues that *Cornbleth* requires the deduction of hypothetical social security benefits from the value of his pension. In *Cornbleth*, the parties were of equal economic positions as to their employment history, annual income, and assets. However, an imbalance was created because in addition to her pension, wife had contributed to the social security system. Husband had contributed to his federal pension plan but had not participated in the social security administration. Social security benefits are exempt from division in equitable distribution proceedings. *Id.* at 424–425, 580 A.2d at 371. Thus, wife was entitled to all of the funds in her social security account while husband had none. By directing that husband's pension be valued as though he had participated in the social security system by determining the present value of his postulated social security benefits and

deducting that value from his pension, the court sought to put the parties on equal footing.

One of our goals with regard to equitable distribution must be to treat different individuals with differing circumstances in a fashion so as to equate them to one another as nearly as possible, thus, eliminating a bias in favor of, or against, a class of individuals. To the extent individuals with Social Security benefits enjoy an exemption of that 'asset' from equitable distribution we believe those individuals participating in the CSRS [Civil Service Retirement System] must, likewise, be so positioned.

. . . .

To facilitate a process of equating CSRS participants and Social Security participants we believe it will be necessary to compute the present value of a Social Security benefit had the CSRS participant been participating in the Social Security System. This present value should then be deducted from the present value of the CSRS pension at which time a figure for the marital portion of the pension could be derived and included in the marital estate for distribution purposes. This process should result in equating, as near as possible, the two classes of individuals for equitable distribution purposes.

*Id.* at 425–427, 580 A.2d at 371–372.

Later decisions of this court addressed and analyzed the rationale of *Cornbleth*. In *Endy v. Endy*, 412 Pa.Super. 398, 603 A.2d 641 (1992), appellant/husband, a Pennsylvania State Trooper who, like federal civil service employees, did not contribute to the social security system, argued the trial court erred when it valued his pension without separating his social security benefits from the equitably distributed property. We agreed with Husband and reiterated the holding of *Cornbleth* that to the extent part of the pension might figuratively be considered in place of a social security benefit, that portion should be excluded from the marital estate. *Cornbleth* at 424–425, 580 A.2d at 371. A review of the facts in *Endy* reveals

that appellee/wife left the workforce for twelve years during the nineteen-year marriage to take care of the parties' children. However, it is noted in the court's opinion that wife had been working as a receptionist for the past ten years and by doing so had acquired social security benefits.

In *Schneeman v. Schneeman*, 420 Pa.Super. 65, 615 A.2d 1369 (1992), appellant/husband, another Pennsylvania State Trooper, argued that *Cornbleth* should be applied and that a lesser portion of his pension should be considered marital property.

The factual history in *Schneeman* indicated that appellee/wife was employed during the marriage, had acquired a pension and had contributed to the social security system. In deciding that a lesser portion of Husband's pension should be considered marital property by deducting the amount husband would have contributed to the social security system, we stated:

> By providing the employee-spouse with sole ownership of that part of the pension which would have otherwise been contributed to Social Security benefits, we have equated, as nearly as possible, employee-spouses who contribute to Social Security benefits and those who contribute to only a separate pension fund which is not statutorily exempt from marital property. Although the *Cornbleth* case involved the Civil Service Retirement System, its principles have been applied in a case involving a State Police Officer's pension, because he was 'without a Social Security benefit.'

*Id.* at 76–77, 615 A.2d at 1375 (citations omitted). We directed that husband's pension be offset by the amount he would have contributed to the social security system.

Instantly, Wife worked less than one year in the retail field as a sales clerk during the parties' twenty-year marriage. Any social security benefits accrued during the time she was employed are certainly miniscule. Also, Wife has no pension. Clearly, it would be inequitable under the facts of this case to credit Husband with the value of hypothetical social security contributions when Wife, unlike the wives in *Cornbleth*, *Endy*, and *Schneeman*, has no appreciable social security benefits of her own to balance against such a credit.[2]

While we find the facts of the instant case distinguishable from *Cornbleth*, *Endy*, and *Schneeman*, thus not requiring the same result, we look at one other decision which would support Wife's claim that *Cornbleth* does not require the deduction of hypothetical social security benefits from the value of Husband's pension. In *Elhajj v. Elhajj*, 413 Pa.Super. 578, 605 A.2d 1268 (1992), both husband and wife were employees of the federal government. Neither had contributed to the social security system, and as such, neither were entitled to social security benefits. We held that the trial court had not committed an abuse of discretion by declining to deduct hypothetical social security benefits from each of their pensions. Similarly, neither party before this court presently will be entitled to social security benefits accrued during their marriage to support their retirement. As in *Elhajj*, we find the trial court did not abuse its discretion by refusing to deduct hypothetical social security contributions from Husband's pension.

---

**2.** We note that Wife was employed before the marriage in 1962 and after the parties separated in 1982. Wife testified that after graduating from high school in 1958, she worked at four retail stores during a five-year period in the Pittsburgh area. (Notes of testimony, 8/16/93 at 157.) She left the Pittsburgh area to move to New York with Husband. In 1983, after the parties separated, Wife worked for the American Dental Association as a dental assistant for two years. (*Id.* at 158.) She quit because of migraine headaches. (*Id.*) Wife worked for Sears & Roebucks for one year and then quit because of headaches. (*Id.* at 159). She worked for General Nutrition Company for a total of five years. (*Id.*) Once again, Wife quite because of migraine headaches. (*Id.*) Her last position was with the J.C. Penney Company in 1992. (*Id.* at 160). She left that position because of migraine headaches. (*Id.* at 161).

It is clear that, based on our review of the record, Wife has held numerous minimum wage jobs before and after the marriage. As a result, Wife has certainly accumulated some social security benefits. However, this does not change the result we reach today because we are concerned only with the period beginning on the date of marriage through date of separation.

Next, Husband argues the trial court abused its discretion when it failed to credit Husband's contribution to the marital debt. In a similar vein, Husband additionally argues the trial court abused its discretion when it failed to offset Husband's marital debt contribution against that portion of his pension awarded to Wife. We can address these claims together.

At the hearing in this matter, Wife testified that she used one credit card for the purchase of the children's clothes and that Husband used his credit cards for travel, home improvements, and clothing. Wife also testified Husband received the bulk of the marital property. The trial court as fact-finder is the sole determiner of the credibility of witnesses. *Murphy v. Murphy,* 410 Pa.Super. 146, 599 A.2d 647 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 902, (1992). "The fact-finder is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below." *Id.* at 158, 599 A.2d at 653. The trial court found Wife credible in its determination concerning the parties' marital debt, and we will not interfere with that decision.

Additionally, we observe that Husband's annual salary is in excess of $85,000 while Wife is on public assistance. Given the unequal financial positions of Husband and Wife and the Divorce Code's intent to effectuate just results, we find no error of law or abuse of discretion in the distribution scheme. Hence, we affirm the trial court's order.

Order affirmed.