**Thomas O. COHENOUR, Appellant,**

v.

**Mary L. COHENOUR, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1997.

Filed June 23, 1997.

202

Michael B. Finucane, Chambersburg, for appellant.

Robert S. McMinn, Huntingdon, for appellee.

Before CAVANAUGH, JOHNSON, and EAKIN, JJ.

EAKIN, Judge:

Thomas O. Cohenour (Husband) appeals from an order of the Court of Common Pleas of Huntingdon County (Kurtz, J., presiding) denying his exceptions to the master's report and recommendations. We affirm in part, vacate in part and remand.

Husband and appellee Wife were married September 18, 1965, separated on or about April 28, 1992, and were divorced on January 19, 1996. Husband is employed by the Department of the Army; his gross monthly income as of the Master's hearing was approximately $3,315. As an employee of the federal government, Husband is not eligible for a Social Security pension, but is covered under the Civil Service Retirement Act (CSRA) in lieu thereof.

After the birth of their first child, Wife was primarily a housewife and mother until the parties separated. Wife is now employed by a grocery store, with a gross monthly income averaging about $740; she receives no benefits from her employment.

In 1991, Husband filed a complaint in divorce; Wife filed an answer and new matter requesting alimony pendente lite, alimony, counsel fees, costs, expenses, and equitable distribution of marital property. Angela M. Kyper, Esquire, was appointed Master; her report was filed April 27, 1995, to which both parties filed exceptions. The court filed an opinion in October 1995, setting forth equitable distribution of marital property; on January 18, 1996 the court entered a Decree in Divorce, which incorporated the distribution plan. On January 19, the court entered a further order granting Wife "a pro rata share of the gross annuity", Husband's Federal Civil Service Retirement System ("CSRS") pension.

Husband claims the trial court erred in (1) awarding Wife an excessive share of his federal pension without offsetting the portion in lieu of Social Security, and without using the immediate offset method; (2) awarding Wife an inequitably large share of marital property, including alimony; (3) awarding him an escrow account used for the marital home; (4) failing to award him monthly rental value credits beyond October 1995; and (5) failing to credit him for debts paid, or failing to limit the "reverse credit" to Wife for debt payments.

 Our standard of review is limited. A trial court has broad discretion in fashioning equitable distribution awards, and we will overturn an award only for an abuse of that discretion. *Gill v. Gill*, 450 Pa.Super. 611, 615, 677 A.2d 1214, 1216 (1996). "An abuse of discretion is not found lightly, but upon a showing of clear and convincing evidence"; we will not usurp the trial court's duty as factfinder. *Miller v. Miller*, 421 Pa.Super. 23, 28, 617 A.2d 375, 377–78 (1992). We may

find an abuse of discretion if the trial court fails to follow proper legal procedures or misapplies the law. *Paulone v. Paulone,* 437 Pa.Super. 130, 133, 649 A.2d 691, 692 (1994). Further, we consider the circumstances of the case and the conclusions of the trial court in light of the policy of effectuating economic justice between the parties. *Schneeman v. Schneeman,* 420 Pa.Super. 65, 75, 615 A.2d 1369, 1374 (1992).

■ Social Security benefits are not subject to equitable distribution. *Flemming v. Nestor,* 363 U.S. 603, 609–10, 80 S.Ct. 1367, 1371–72, 4 L.Ed.2d 1435 (1960) ("To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to everchanging conditions which it demands"). Social Security retirement benefits are not considered marital property and cannot be distributed as part of the marital estate under Pennsylvania's Divorce Code. *Powell v. Powell,* 395 Pa.Super. 345, 353, 577 A.2d 576, 580 (1990).

■ "To the extent individuals with Social Security benefits enjoy an exemption of that 'asset' from equitable distribution, we believe those individuals participating in the CSRS must, likewise, be so positioned." *Cornbleth v. Cornbleth,* 397 Pa.Super. 421, 425, 580 A.2d 369, 371 (1990), *alloc. denied,* 526 Pa. 648, 585 A.2d 468 (1991). Therefore, "to the extent part of the [CSRS] pension might figuratively be considered 'in lieu of' a social security benefit[,] we believe that portion should be exempted from the marital estate."

*Id.; see also Twilla v. Twilla,* 445 Pa.Super. 86, 664 A.2d 1020 (1995). In light of this authority, we agree with Husband; the portion of his gross pension which is deemed in lieu of Social Security must be exempted from the marital estate.

Both parties' experts calculated the marital portion of Husband's CSRS pension at the time of separation, and in accordance with *Cornbleth,* deducting from the present value of the CSRS pension the present value of a Social Security benefit. In its October 31, 1995 opinion, the court accepted Wife's expert's figure of $43,880. N.T. Divorce Hearing, at 30. The court's formal order, however, provides Wife is "entitled to a pro rata share of the *gross* annuity" (emphasis added). This fails to state clearly that before distribution, that portion of Husband's CSRS pension in lieu of a Social Security benefit must be deducted, and the pro rata share based on the *net* figure. We acknowledge that the learned trial judge reserved jurisdiction, specifically on issues of the pension, so as to effectuate its purpose; nevertheless, we are constrained to vacate the pension portion of the order and remand so the trial court may clarify its order, such that the "Social Security portion" is exempted from the award of the marital estate.[1] *Cornbleth, supra.*

■ Appellant next claims the court erred in using the deferred method of distribution, rather than the immediate offset method. We see no abuse of the court's discretion in selecting the deferred method of distribution.[2]

1. We acknowledge this court's panel decision in *McClain v. McClain,* —— Pa.Super. ——, 693 A.2d 1355 (1997). The *McClain* panel determined that because husband and wife were not of equal economic position as to their employment history, annual income and assets, the trial court did not abuse its discretion in refusing to deduct "hypothetical social security contributions" from husband's civil service pension. That panel found wife's ability to work was limited by long-lasting and disabling headaches, while husband had an annual salary of $85,000 and was in good health. The only other marital asset of significance was the marital home, which was sold and the proceeds divided equally between husband and wife.

The *McClain* panel distinguished its facts from the controlling authority of *Cornbleth* and its progeny. We see no such reason to decline to

follow that authority in this case. Recognizing wife's minimal accrual of social security benefits, the trial court awarded her the marital home, valued at $55,000, 70% of the remaining marital assets, and $400 in monthly alimony until husband's pension benefits are distributed. To ensure wife not be awarded a windfall, and to offset any imbalance in wife's favor created by this distribution scheme, the trial court intended to deduct hypothetical social security contributions from the value of his pension. We see no abuse of discretion in effectuating economic justice between the parties in this manner.

2. Appellant's argument portion of his brief violates the Pennsylvania Rules of Appellate Procedure by failing to include a pertinent discussion on the trial court's decision to use the deferred distribution method rather than the immediate offset method. Appellant also fails to cite perti-

■ The immediate offset method awards other assets in lieu of pension benefits; receipt occurs at the time of the distribution hearing, even for pensions only receivable in the future. *Lyons v. Lyons*, 401 Pa.Super. 271, 280, 585 A.2d 42, 47 (1991). This method is impractical where the parties do not have enough assets to offset the pension award. *Schneeman*, 420 Pa.Super. at 80, 615 A.2d at 1377. "When the value of the employee-spouse's pension far exceeds the value of the other marital property, the deferred distribution method must be used." *Id.* (quoting *Braderman v. Braderman*, 339 Pa.Super. 185, 199, 488 A.2d 613, 620 (1985)).

■ The deferred distribution method requires the court to reserve jurisdiction and allocate benefits when they mature or enter pay status. *Berrington v. Berrington*, 409 Pa.Super. 355, 364, 598 A.2d 31, 36 (1991), *aff'd*, 534 Pa. 393, 633 A.2d 589 (1993). It is the "preferred means of dividing unvested pension benefits which may never actually be received by the employee-spouse due to contingencies such as early termination or death." *Lyons*, 401 Pa.Super. at 280, 585 A.2d at 47. Present value figures are not used; rather, only the coverture fraction is applied to the benefits when they enter pay status. *Braderman v. Braderman*, 339 Pa.Super. 185, 189, 488 A.2d 613, 619 (1985).

■ Both distribution methods are recognized and acceptable ways to distribute the marital portion of pension benefits. *Schneeman*, 420 Pa.Super. at 80, 615 A.2d at 1377. The trial court has discretion in choosing the more appropriate means, *Id.*, and must balance the advantages and disadvantages of each distribution method according to the facts of each case, in order to determine which method best effects economic justice between the parties. *Berrington*, 409 Pa.Super. at 365, 598 A.2d at 35. Husband, at the time of his appeal, is 53 years old and has at least five years before he can begin to collect his CSRS pension.[3] Since his benefits have not yet matured and he is not currently receiving monthly payments, the trial court did not abuse its discretion in determining the deferred distribution method was the best way to ensure economic justice for both parties.

■ Husband next claims the trial court erred in awarding Wife an inequitable share of marital property. According to Husband, the court abused its discretion by awarding Wife 50% of the marital portion of Husband's pension, $400 in monthly alimony until the pension benefits are distributed, the marital home, and 70% of the remaining marital estate.

■ The court must consider several factors to determine whether a spouse is entitled to equitable distribution and alimony, including (1) "[t]he relative earnings and earning capacities of the parties"; (2) "[t]he ages and the physical, mental and emotional conditions of the parties"; (3) "[t]he duration of the marriage"; (4) "[t]he contribution of a spouse as homemaker"; and (5) "[t]he standard of living of the parties established during the marriage." 23 Pa.C.S. § 3701. The court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary. *Endy v. Endy*, 412 Pa.Super. 398, 406, 603 A.2d 641, 645 (1992); 23 Pa.C.S. § 3701(a). Absent an abuse of discretion by the court in formulating the order to award alimony and equitable distribution, the decision of the divorce court will stand. *Endy*, 412 Pa.Super. at 403, 603 A.2d at 643.

In the present case, Husband earns more than $40,000, while Wife earns less than $9,000. Wife is over fifty years old, has been a homemaker for approximately twenty-seven years, and is not likely to improve her future earning potential. According to the record, the equitable distribution scheme and alimony payments, as determined by the court, will not affect Husband's ability to support himself in a similar standard of living as that established during marriage; Wife will also be able to maintain her pre-divorce standard of living. Since Husband

---

nent authorities. 42 Pa.C.S. § 2119; *see Commonwealth v. Rodgers*, 413 Pa.Super. 498, 605 A.2d 1228 (1992).

**3.** Although the normal retirement age is 62, appellant purchased a portion of his military time, permitting earlier retirement.

has far greater income, security and benefits available to him than any available to Wife presently or in the future, we find the court did not abuse its discretion in its award. *Zollars v. Zollars*, 397 Pa.Super. 204, 208, 579 A.2d 1328, 1330 (1990).

Husband also contends the trial court erred in failing to give him continuing rental credits for the months following October 1995. The court credited Husband with $6,300, or 50% of the stipulated rental value for the period the parties were separated until the October 1995 opinion, i.e., forty-two months. In that same opinion, the court awarded the marital home to Wife. Thus, Husband was awarded one-half of the fair rental value of the marital home while he was an owner, appropriate for his interest in the property. *Powell v. Powell*, 395 Pa.Super. 345, 577 A.2d 576 (1990) (equitable distribution order may include an award to the non-possessing spouse of one-half of the rental value of the marital residence when possessed exclusively by the other spouse during the parties' separation). We see no abuse of discretion in refusing to extend credit for an asset that was no longer jointly-held marital property.

Husband's final claims, regarding the escrow account and the alleged failure to credit him sufficiently for debts paid, do not demonstrate an abuse of discretion. Pursuant to a February 19, 1993 order, Husband made various debt payments in lieu of alimony pendente lite. We see no abuse of discretion in the manner in which the trial court accommodated this in its order.

Order affirmed in part, vacated in part and remanded for modification of the January 19, 1996 order consistent with this memorandum. Jurisdiction relinquished.