J-A07043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CONCETTA TINA CAPERELLI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT JAMES CAPERELLI SR. | : | No. 2492 EDA 2018 |

Appeal from the Order Entered July 17, 2018
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s):  No. A06-2015-61689-D-35

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 28, 2019**

Concetta Tina Caparelli ("Wife") appeals from the order entered July 17, 2018 in which, following reconsideration, the trial court reaffirmed its grant of a divorce between Wife and Vincent James Caparelli, Sr. ("Husband") and the equitable division of the parties' marital estate.  Wife raises several challenges concerning the trial court's equitable distribution scheme.  After careful review, we affirm.

Husband, born June 24, 1945, and Wife, born October 24, 1945, were married on June 24, 1967.  After forty-six years of marriage, they separated on September 30, 2013.  The parties continued to live in the same residence and incur joint expenses until the parties physically separated on July 27, 2015.   The parties have two adult children, who are financially independent.

During the marriage, Husband was first employed by the U.S. Postal Service (USPS) for 33 years.  After retiring from USPS in 2000, Husband

_____
*   Former Justice specially assigned to the Superior Court.

worked for Harleysville Insurance until January 2014. Husband now works part-time for the Bucks County Justice Center, making $14,155/year in gross income. Husband receives a pension from the Civil Service Retirement System (CSRS) of $3,444/month based on his USPS employment; Husband was not covered by Social Security as a CSRS employee. Husband also receives $1,144/month in Social Security from employment after his USPS retirement.

Wife receives $1,222/month from Social Security and makes approximately $10,000/year in income as a self-employed massage therapist. During the marriage, Wife received $30,000 through inheritance; she received $150,000 inheritance after the parties separated.

On September 16, 2015, Wife filed for divorce with a claim for equitable distribution. On January 31, 2018, the Master recommended that the parties' assets (roughly totaling $600,000) be divided approximately in half and required Wife to pay Husband $12,753 to reach this ratio. The Master recommended that Wife receive $961 monthly from Husband's CSRS pension as well as the pension's survivor annuity benefit, which the parties' joint actuarial expert found had a present value of $755/month.

Wife requested a trial *de novo* in the trial court. In an order dated June 6, 2018 and docketed June 11, 2018, the trial court entered a divorce decree and equitable distribution order that adopted the Master's recommendation for a division of the marital property, but eliminated the $12,753 payment from Wife to Husband. As a result, the trial court noted that Wife and Husband received 51.9% and 48.1% of the marital assets, respectively. The trial court

adopted the Master's recommendation with respect to Husband's CSRS pension and the survivor annuity benefit.

Both parties filed motions for reconsideration. On July 5, 2018, Wife filed a notice of appeal. In an order entered July 10, 2018, the trial court granted Husband's motion for reconsideration in part to set the effective date of the payment of Husband's pension benefits to Wife to be September 16, 2013. On July 17, 2018, the trial court entered a second order amending the effective date of the payment of pension benefits to Wife to be September 16, 2015; the trial court indicated that the previous date had been "erroneously provided to the Court by counsel and [was] now being corrected as agreed by counsel." Amended Order, 7/17/18, at 1. The trial court denied the parties' motions for reconsideration as to all other relief requested.

On August 16, 2018, Wife filed a second notice of appeal. Wife complied with the trial court's direction to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On October 9, 2018, this Court quashed Wife's first appeal of the trial court's decree/order that was dated June 6, 2018 and docketed on June 11, 2018. As the trial court granted Husband's motion for reconsideration in part on July 10, 2018 and entered an amended order on July 17, 2018, the timely and express grant of reconsideration rendered inoperative Wife's first notice of appeal. ***See*** Pa.R.A.P. 1701(3)(b)(ii) (a timely order expressly granting reconsideration under this paragraph shall render inoperative any such notice of appeal); ***Cheathem v. Temple Univ. Hosp.***, 743 A.2d 518 (Pa.Super. 1999) (trial

court must expressly grant reconsideration within the time allowed for filing an appeal, in order to toll the time for taking an appeal).

Wife raises the following issues for our review on appeal:[1]

1. The Court erred in relying on the case **Palladino v. Palladino**, (Pa.Super. 1998) to the effect that Wife's share of the pension must necessarily be reduced by the actuarial present value of Wife's survivor annuity at all or by considering the cost of the survivor annuity as an alternate method of accounting for the survivor annuity.

2. The Court erred in failing to allow Wife to reduce her survivor benefit and thereby reduce her survivor benefit cost.

3. The Court erred in dividing Husband's CSRS pension $961 per month to Wife and $2,550 per month to Husband.

   a. The amount $961 per month was the amount calculated by the Master based on actuarial present values and was mathematically incorrect.

   b. The Court failed to discuss and justify the resulting disparity in income as a factor under Divorce Code Section 3502(a)(6).

   c. The Court erred by failing to state the basis of the awarded amount.

4. The Court erred in failing to award Wife an amount based on Husband's pension income received after the date of separation and prior to a support order being entered.

---

[1] Husband asserts that Wife's 1925(b) statement does not precisely align with her Statement of the Questions Involved in her appellate brief. While Wife reworded her claims in her issue statement in her appellate brief, all of her arguments are encompassed within claims raised in the 1925(b) statement. We will analyze the appeal based on Wife's claims of error in her 1925(b) statement, which are more clearly stated.

5. The Court erred in entering a final divorce order without first entering a QDRO (COAP).

6. The Court erred in failing to account for a cost of living increase on Husband's CSRS pension that was awarded for 2018.

7. The Court erred in failing to find that Wife had received and maintained $30,000 as her separate property.

Wife's 1925(b) Statement, 7/26/18, at 1-2 (reordered for ease of review).[2]

In reviewing a challenge to the trial court's equitable distribution scheme, we are guided by the following standard:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.
>
> ***Carney v. Carney***, 167 A.3d 127, 131 (Pa.Super. 2017) (internal citations, quotation marks, and quotation omitted). Moreover, it is within the province of the trial court to weigh the evidence and decide credibility, and this Court will not reverse those

---

[2] Wife did claim in her 1925(b) statement that the Court erred in modifying its original decree/order more than 30 days after entry. However, as explained above, the trial court timely modified its order on July 10, 2018, within 30 days of the day it was *docketed* on June 11, 2018.

determinations as long as they are supported by the evidence. ***Sternlicht v. Sternlicht***, 822 A.2d 732, 742 (Pa.Super. 2003).

***Schultz v. Schultz***, 184 A.3d 168, 174 (Pa.Super. 2018).

> In the context of an equitable distribution of marital property, a trial court has the authority to divide the award as the equities presented in the particular case may require. Equitable distribution does not presume an equal division of marital property and the goal of economic justice will often dictate otherwise.... We look at the distribution as a whole, in light of a trial court's overall application of the factors enumerated at 23 Pa.C.S.A. § 3502(a).

***Schenk v. Schenk***, 880 A.2d 633, 639 (Pa.Super. 2005) (quoting ***Mercatell v. Mercatell***, 854 A.2d 609, 611-12 (Pa.Super. 2004)).

In her first argument, Wife argues that the trial court erred in assessing to her the entire actuarial value or cost of the survivor annuity, and asserts that this cost should be equitably shared by the parties. As noted above, upon Husband's retirement, the parties jointly elected that Husband's pension benefits would be reduced in consideration for Wife receiving a survivor annuity, which provides that if Husband predeceases Wife, she will receive a monthly survivor annuity payment for the rest of her lifetime. The trial court recognized that if Husband were to pass away, Wife's $961 monthly share of Husband's pension would increase to $2,200 each month.

The survivor annuity is Wife's vested property interest and may be assessed to her in the equitable distribution scheme. ***Palladino v. Palladino***, 713 A.2d 676, 679 (Pa.Super. 1998) ("[t]he survivor annuity is a vested property interest of wife and it is separate and distinct from husband's pension. Just as husband's marital pension benefits are assessed to him, so

too are wife's survivor annuity benefits properly assessed to her in the equitable distribution scheme"). Although Wife suggests that Husband should be assessed part of the value of the survivor annuity, the trial court did not abuse its discretion in assigning this asset entirely to Wife as she is the only party who will benefit from such a marital asset.

Second, Wife suggests that the trial court should have permitted her to "reduce" her survivor benefit such that she could receive a greater portion of Husband's current benefits. Wife's Brief, at 27. However, the trial court found the "survivor annuity is vested property not subject to division, not a waivable option that Wife may elect to reduce to obtain a larger share of the CSRS pension." Trial Court Opinion (T.C.O.), 10/18/18, at 10. The trial court emphasized that Husband's monthly payment has been reduced for the survivor annuity for nearly two decades since Husband's retirement in 2000.

Although Wife may be unsatisfied with the equitable distribution award as she may prefer a higher portion of Husband's pension instead of the protection offered by the survivor annuity in the event of Husband's death, Wife's survivor benefit is a vested interest for which the parties paid valuable consideration for numerous years. Moreover, we note that Wife never challenged Husband's assertion that his election of a survivorship benefit for Wife was irrevocable once his pension entered pay status. Wife does not explain how she would be able to "reduce" the annuity and even acknowledges that "[i]t may not be possible to effectuate a reduction at this time." Wife's Brief, at 28. As a result, we find this claim to be meritless.

Third, Wife contends that the trial court's division of Husband's CSRS pension was inequitable, asserting that the pension should have been divided in half. At the time of the trial court's equitable distribution award, both parties were seventy-three years old and had been married for forty-six years before their separation in 2013. The trial court noted that both parties claimed to be in good health, had part-time employment that produced comparable income, and received similar amounts of Social Security income, even though Husband had higher wages during the marriage. Thus, the key differences in the parties' finances relate to Husband's CSRS pension and Wife's separate property received through inheritance.

As noted above, Husband receives a monthly pension payment of $3,433. With the assistance of the parties' joint actuarial expert, the value of the survivor annuity deduction was determined to be $755/month. Based on the Master's recommendation to assign half of Husband's CSRS pension to Wife and reduce that by the value of the survivor annuity, the trial court assigned Wife $961/month from Husband's pension, leaving Husband with $2,517/month. When these values are considered with their respective Social Security income, Husband will receive $3,661 each month and Wife will receive $2,938 each month (which includes the actuarial value of the annuity).

Rejecting Wife's demand that the parties have equal distributions of income from Husband's pension, the trial court indicated that its goal was to ensure its entire division of the marital estate was equitable given all the facts and circumstances. The trial court achieved this goal by giving Husband a

larger portion of the CSRS pension due to his thirty-three years of service with USPS. The trial court also recognized that Wife has substantial separate property to which Husband has no claim.

Further, the trial court recognized the inequity in the fact that the Husband's CSRS retirement benefits are considered marital property subject to division, while Wife's Social Security benefits are exempt from equitable distribution. This Court has provided:

> Social Security benefits are not subject to equitable distribution. **Flemming v. Nestor**, 363 U.S. 603, 609–10, 80 S.Ct. 1367, 1371–72, 4 L.Ed.2d 1435 (1960) ("To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to everchanging conditions which it demands"). Social Security retirement benefits are not considered marital property and cannot be distributed as part of the marital estate under Pennsylvania's Divorce Code. **Powell v. Powell**, 395 Pa.Super. 345, 353, 577 A.2d 576, 580 (1990).

**Cohenour v. Cohenour**, 696 A.2d 201, 204 (Pa.Super. 1997).

In comparison to Wife's Social Security benefits which are shielded from equitable distribution, Husband is at a disadvantage as his income from his thirty-three years of CSRS employment, which would have been used to finance his Social Security benefits, is not similarly shielded. This Court has discussed the inequity of the "double blow" that a CSRS participant faces in divorce without a Social Security offset:

> The [CSRS] pension will become part of the marital estate and, thus, divided, yet there will be no Social Security benefit waiting to cushion this financial pitfall. The situation is exacerbated, thus providing a second "blow," in that the money that would, in a conventional setting, be routed into Social Security, and thus into

an exempt status, would either have been consumed by the couple, thus providing previous benefits enjoyed by both, or, perhaps, routed into the CSRS or another retirement type vehicle, which, of course, would then be included in the marital estate.

*Cornbleth v. Cornbleth*, 580 A.2d 369, 371–72 (Pa.Super. 1990).

Under such circumstances, Wife's Social Security benefits are a benefit to Wife and a detriment to Husband. *See id*. at 372. In similar cases, our courts have recognized the need to equate the circumstances faced by a CSRS participant and a Social Security participant:

> "To the extent individuals with Social Security benefits enjoy an exemption of that 'asset' from equitable distribution, we believe those individuals participating in the CSRS must, likewise, be so positioned." *Cornbleth v. Cornbleth*, 397 Pa.Super. 421, 425, 580 A.2d 369, 371 (1990), *alloc. denied,* 526 Pa. 648, 585 A.2d 468 (1991). Therefore, "to the extent part of the [CSRS] pension might figuratively be considered 'in lieu of' a social security benefit[,] we believe that portion should be exempted from the marital estate." *Id.; see also Twilla v. Twilla*, 445 Pa.Super. 86, 664 A.2d 1020 (1995).

*Cohenour*, 696 A.2d at 204.

In this case, the parties' actuarial expert determined that, had Husband participated in Social Security instead of the CSRS pension plan, he would have obtained $1,163 more in Social Security benefits that would have been payable to Husband alone. However, the trial court chose not to use a straightforward application of the *Cohenour* rule in employing a full setoff of Wife's Social Security benefits, which it found would be "unnecessarily disadvantageous to Wife." T.C.O. at 8. In addition, the trial court indicated that it would be too harsh to Husband to divide his pension equally among the parties. As a result, the trial court divided Husband's CSRS pension to slightly

favor Husband, but by less than a full Social Security offset as recommended in *Cohenour*.

Wife argues that the trial court should not have utilized any Social Security offset as Husband receives Social Security benefits from his employment after his retirement from USPS. This Court rejected a similar argument in *Rimel v. Rimel*, 913 A.2d 289 (Pa.Super. 2006), finding that the trial court erred in failing to employ a Social Security setoff when calculating the value of the husband's CSRS pension, "notwithstanding the fact that Husband also participated in Social Security through some of his other jobs." *Id*. at 292. Considering the trial court's equitable distribution scheme as a whole, we find that the trial court properly exercised its discretion in dividing Husband's pension between the parties.

Fourth, Wife argues that the trial court erred in failing to award her a share of Husband's pension income that was distributed after the date of separation and prior to a support order being entered. The parties agree that the money Husband received from his pension during this time period is marital property subject to equitable distribution.

However, the trial court emphasized that during this same time period, Wife lived in the marital residence and refused to contribute to particular joint expenses such as the taxes, utilities, and homeowners' insurance. In addition, Husband continued to pay premiums for Wife's auto insurance and her medical, dental, and vision insurance. Based on these facts, we find the trial

court properly exercised its discretion in finding that Wife was not entitled to an additional award to achieve an equitable distribution.

Fifth, Wife claims the trial court erred in entering a final divorce order without first entering a qualified domestic relations order (QDRO) or a court order acceptable for processing (COAP). In this case, the trial court's decree/order of equitable distribution states that Husband's pension shall be distributed through a COAP and directs the parties to retain Matthew Morley, Esq. to prepare the COAP.

Our Supreme Court has provided that a QDRO "creates or recognizes the rights of an alternate payee to receive all or a portion of the benefits payable to a participant under the plan." *Smith v. Smith*, 595 Pa. 80, 85, 938 A.2d 246, 248 (2007) (citation omitted). For the QDRO to be "qualified," it must include "certain required information and may not alter the amount or form of plan benefits"; however, "[t]he actual qualifying of the domestic relations order is done by the employer's pension administrator." *Id*.

Wife does not offer any authority or analysis to support her claim that it was improper for the trial court enter a divorce decree and equitable distribution order directing the QDRO or COAP to be prepared by a third party. As a result, Wife's claim is waived for lack of development. *See Affordable Outdoor, LLC, v. Tri-Outdoor, Inc.*, ___A.3d___, 2019 PA Super 127 (Apr. 24, 2019) ("[M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter") (citation omitted).

Even if properly preserved, we note that this Court has permitted trial courts to direct the parties to retain counsel to prepare QDROs in accordance with the divorce decree and equitable distribution order. *See Zehner v. Zehner*, 195 A.3d 574, 578 (Pa.Super. 2018); *Prol v. Prol*, 935 A.2d 547, 549 (Pa.Super. 2007); *Grieve v. Mankey*, 679 A.2d 814, 815 n.3 (Pa.Super. 1996). As a result, we find Wife's claim to be meritless.

Sixth, Wife claims the trial court erred in failing to account for a cost of living adjustment (COLA) on Husband's CSRS pension that was awarded for 2018 and for future COLA that will be applied to the pension. The parties agree that COLAs applied to a pension are marital property subject to equitable distribution. In *MacDougall v. MacDougall*, 49 A.3d 890, 896 (Pa.Super. 2012), this Court found that a pension's COLA is marital property subject to proportionate distribution as they accrue without any effort or contribution by a party, and are instead the result of passive appreciation.

In this case, it appears that the trial court recognized that the COLA was marital property, as it found the COLA adjustments to Husband's pension, "raising the total pension outlay by a given percentage, apply to Wife's portion as well as Husband's by operation of law and do not require [the] Court to issue additional orders." T.C.O. at 10. As a result, Wife's issue is meritless.

Lastly, Wife asserts that the trial court erred in requiring Wife to provide documentation to support her claim that she held separate property not subject to equitable distribution. We note that "[t]he determination of whether an asset is part of the marital estate is a matter within the sound

discretion of the trial court." ***Tagnani v. Tagnani***, 654 A.2d 1136, 1138 (Pa.Super. 1995). "Generally, property acquired during the marriage by bequest, devise, or descent is non-marital property. However, once non-marital property is combined and co-mingled with marital property, it loses its identity as non-marital property and takes on the status of marital property." ***Verholek v. Verholek***, 741 A.2d 792, 797 (Pa.Super. 1999) (citing 23 Pa.C.S.A. § 3501(a)(3)) (other citations omitted).

Wife claimed that she had received an inheritance of $30,000 in 2006, seven years before the parties had separated. However, the trial court noted that Wife failed to present any supporting documentation of the existence of the inheritance and whether those funds still existed on the date of the parties' separation. As Wife's failure to present any documentation prevented the trial court from determining whether such inheritance was comingled with marital property, the trial court did not abuse its discretion in refusing to consider this sum to be Wife's separate property.

For the foregoing reasons, we conclude that the trial court properly exercised its discretion in dividing the marital estate between the parties under the circumstances presented in this case. Upon remand, we direct the parties to cooperate fully and jointly to facilitate the preparation of a proper QDRO.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/28/19</u>